IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SHAWNA MARCIA ANN WILLIAMS** | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:19-cv-33 |
| **FREEDOM MORTGAGE CORPORATION,** | § § § § | |
| *Defendant*. | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Freedom Mortgage Corporation ("Freedom Mortgage" or "Defendant") hereby gives notice of the removal of the state court civil action described below, on the basis of federal question and diversity jurisdiction. As grounds for the removal, Defendant respectfully states the following:

### I. INTRODUCTION

1. On May 11, 2018, Shawna Marcia Ann Williams ("Plaintiff") filed Plaintiff's Original Petition against Defendant, numbered and styled as Cause No. 2018-CI-08796, *Shawna Marcia Ann Williams v. Freedom Mortgage Corporation*, in the 57th Judicial District Court of Bexar County, Texas (the "Complaint").

2. In the Complaint, Plaintiff seeks injunctive relief to stop the sale of the property located at 7551 Paraiso Hvn, Boerne, Texas 78015 and asserts various claims against Freedom Mortgage for purportedly breaching the underlying mortgage agreement.

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendant are attached hereto and marked as composite **Exhibit "A"** and incorporated herein by reference.

## II. TIMELINESS OF NOTICE OF REMOVAL

4. As of the date of filing this Notice of Removal, Defendant has not been served with citation by Plaintiff, nor does it appear that citations have ever even been issued. Therefore, Defendant's Notice of Removal falls within the 30-day period required by statute and is timely. [1]

## III. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A. Complete diversity exists.**

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by the Defendant pursuant to 28 U.S.C. § 1441(b) because it is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. As Plaintiff seeks to stop the sale of what she refers to as her homestead, which is in Texas, she is considered a citizen of that state.[2]

7. Defendant Freedom Mortgage is a New Jersey corporation with its principal place of business in New Jersey. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[3] Accordingly, Freedom Mortgage is a citizen of New Jersey for purposes of diversity jurisdiction.

---

[1] 28 U.S.C. § 1446(b). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

[2] *See* Complaint, ¶1. *See also, e.g.,. Jeong v. Federal Nat. Mortg. Ass'n* , No. No. A–14–CA–920–SS, 2014 WL 5808594, *2 (W.D. Tex. Nov. 7, 2014); *Alsobrook v. GMAC Mortg., LLC*, No. 3:11–CV–00603–M (BF), 2012 WL 1643220, **1–2 (N.D. Tex. Apr. 13, 2012).

[3] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).

8. Accordingly, because Plaintiff is a citizen of Texas and Freedom Mortgage is a citizen of New Jersey, complete diversity of citizenship exists between the parties.

**B.    The amount in controversy exceeds $75,000.00.**

9. Plaintiff seeks injunctive relief to enjoin the foreclosure sale of the subject property. When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[4]

10. When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[5] In this instance, the value of the subject property amounts to at least $288,210.00.[6] Therefore, based on the value of the relief sought by Plaintiff in her Petition, the amount in controversy exceeds $75,000.00.

## IV.    ADDITIONAL REQUIREMENTS

11. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Bexar County, Texas.

12. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.[7]

13. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

14. Plaintiff did not demand a jury trial in her Original Petition.

---

[4] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[5] *Id.*
[6] *See* Bexar County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Bexar County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Bexar County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).
[7] *See* 28 U.S.C. § 1446(a)

**WHEREFORE**, having satisfied the requirements for removal, Defendant Freedom Mortgage Corporation gives notice that 2018-CI-08796, *Shawna Marcia Ann Williams v. Freedom Mortgage Corporation*, originally filed in the 57th Judicial District Court of Bexar County, Texas, has been removed to this Court.

Respectfully submitted,

By: */s/ Matt D. Manning*
**MATT D. MANNING**
State Bar No. 24070210
**MATTHEW A. KNOX**
State Bar No. 24071102
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney St. Suite 1500
Houston, Texas 77002
Phone:  713-520-1900
Facsimile: 713-520-1025
mmanning@mcglinchey.com
*Attorneys For Defendant Freedom Mortgage Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2019, a copy of this document was sent to Plaintiff's counsel in accordance with the Federal Rules of Civil Procedure, as follows:

*Via Texas E-File and/or*
**CMRRR 9414 7266 9904 2120 8196 11**
Edward P. Cano
Attorney at Law
201 W. Poplar St.
San Antonio, Texas 78212
*Attorneys for Plaintiff*

*/s/  Matt D. Manning*
**MATT D. MANNING**